UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:20-CR-76-REW-HAI |
| v. | ) ) | ORDER |
| JONATHAN MIRACLE, | ) ) | |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 276 (Minute Entry), Judge Edward B. Atkins[1] recommended that the undersigned accept Defendant Miracle's guilty plea and adjudge him guilty of Count 1 of the Second Superseding Indictment (DE 107). *See* DE 275 (Recommendation); *see also* DE 278 (Plea Agreement). Judge Atkins expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 275 at 3. The established objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote

---

[1] Judge Ingram scheduled the hearing to be held before Judge Atkins. *See* DE 270.

1

brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 270, **ACCEPTS** Miracle's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Second Superseding Indictment (DE 107);

2. Upon review of the Second Superseding Indictment and the vague forfeiture record, including no reference in the Plea Agreement, the Government **MAY** file a forfeiture motion, if it intends to pursue forfeiture as to Miracle, **by no later than June 17, 2022. Absent a motion (and an ensuing ruling), the Judgment will not address forfeiture as to this Defendant**;

3. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

4. The Court will issue a separate sentencing order.[2]

This the 13th day of June, 2022.

Signed By:
*Robert E. Wier*  REW
United States District Judge

---

[2] At the hearing, Judge Atkins remanded Miracle to custody. *See* DE 276. This was his status pre-plea. *See* DE 177. The Court, thus, sees no need to further address detention, at this time. Defendant shall remain in custody pending sentencing.